UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. GARZA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BG RETAIL LLC d/b/a/ Famous Footwear,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-01051-JLT-CDB<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Doc. 22<br><br>**<u>THREE-DAY DEADLINE</u>** |

　　　　The scheduling order in this matter, entered December 9, 2022, required the parties to appear for a mid-discovery status conference on May 17, 2023, and to file a joint report addressing specified topics at least one week in advance of the conference. (Doc. 20, p. 3). The parties timely filed their joint report on May 10, 2023, in which they outlined a series of issues related to Plaintiff's reported inability or unwillingness to comply with Defendant's discovery requests. (Doc. 21). Thereafter, on May 12, 2022, the Courtroom Deputy Clerk emailed to counsel for both parties Zoom videoconference connection information for the upcoming mid-discovery status conference.

　　　　Counsel for Plaintiff failed to appear at the mid-discovery status conference (Doc. 22), failed to provide any notice to the Court in advance of his anticipated absence, failed to respond to email inquiries from the Court while it was convened with Counsel for Defendant awaiting

Plaintiff's appearance, and during the seven hours following the conference, has not affirmatively communicated any information to the Court concerning his absence.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

Plaintiff's counsel failed to comply with the Court's order to appear for the mid-discovery status conference, and through his misconduct, is preventing the Court from effectively managing its docket. Accordingly, **IT IS HEREBY ORDERED**, no later than **May 22, 2023,** counsel for Plaintiff **SHALL** show cause in writing why sanctions should not issue for his failure to comply with the scheduling order.

The parties' joint mid-discovery status report – the representations within which the Court presumes to be accurate given Counsel for Plaintiff's signature on the document – portrays a concerning characterization of Plaintiff's lack of diligence in failing to respond to Defendant's discovery demands. For instance, Plaintiff's responses to certain written discovery were due to be provided to Defendant on March 24, 2023. More than ten days passed and Plaintiff had neither responded nor provided Defendant any update about the status of his outstanding responses. Plaintiff thereafter offered an estimated time by which he intended to respond, but that date, too, lapsed, requiring Defendant several days later to follow-up.

While the Court is aware from the parties' joint report that Plaintiff's medical condition did and may continue to inhibit his ability to participate in the discovery process, the Court does not presently have sufficient information to assess the nature and scope of any possible misconduct.

Accordingly, IT IS FURTHER ORDERED that Plaintiff's counsel include in his written response to the Order to Show Cause answers to the following questions:

(1) On what dates has Counsel for Plaintiff attempted to interact with Plaintiff in connection with

1 responding to Defendant's discovery demands?

2 (2) On what date did Plaintiff enter the hospital?

3 (3) What is the nature of Plaintiff's incapacitation that he is unable to participate with counsel in
4 responding to written discovery demands?

5 (4) Is Plaintiff currently hospitalized or incapacitated to the extent he remains unable to assist
6 counsel respond to written discovery demands?

7 (5) When does Plaintiff intend to respond to the written discovery demands?

8 (6) When does Plaintiff intend to propound written discovery?

IT IS SO ORDERED.

Dated: __May 17, 2023__            _____
                                     UNITED STATES MAGISTRATE JUDGE