UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. GARZA,<br><br>             Plaintiff,<br><br>      v.<br><br>BG RETAIL LLC d/b/a/ Famous Footwear,<br><br>             Defendant. | Case No. 1:22-cv-01051-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Doc. 22<br><br>**ORDER REQUIRING PLAINTIFF TO FILE REPORT**<br><br>THREE-DAY DEADLINE |

   Plaintiff John P. Garza initiated this action in state court on October 18, 2021. Defendant removed the case to this Court on August 19, 2022.  (*See* Doc. 1, Notice of Removal).

   The scheduling order in this matter, entered December 9, 2022, required the parties to appear for a mid-discovery status conference on May 17, 2023, and to file a joint report addressing specified topics at least one week in advance of the conference. (Doc. 20, p. 3).  The parties timely filed their joint report on May 10, 2023, in which they outlined a series of issues related to Plaintiff's reported inability or unwillingness to comply with Defendant's discovery requests. (Doc. 21).  Thereafter, on May 12, 2022, the Courtroom Deputy Clerk emailed to counsel for both parties Zoom videoconference connection information for the upcoming mid-discovery status conference.

   Counsel for Plaintiff failed to appear at the mid-discovery status conference (Doc. 22),

failed to provide any notice to the Court in advance of his anticipated absence, failed to respond to email inquiries from the Court while it was convened with Counsel for Defendant awaiting Plaintiff's appearance, and throughout the day following the conference, failed to communicate any information to the Court concerning his absence.

On May 17, 2023, the Court issued an order requiring Plaintiff to show cause in writing why sanctions should not issue for his failure to appear for the mid-discovery status conference. (Doc. 23). In that order, the Court also directed Plaintiff to answer numerous questions concerning representations in the parties' joint mid-discovery status report that suggested Plaintiff was not diligently engaging in discovery.

On May 22, 2023, Plaintiff filed a response to the order to show cause. (Doc. 24). Therein, counsel for Plaintiff attests that due a "family emergency," he "failed to check" his schedule and missed the mid-discovery status conference. Counsel further represents: "But for the family emergency, I would not have committed such error and would have attended the hearing."

In his filing, counsel for Plaintiff also responded to some – but not all – of the specific questions the Court directed him to answer. For instance, counsel failed to respond to the Court's direction to identify the dates on which counsel attempted to interact with Plaintiff in connection with responding to Defendant's discovery demands. Moreover, counsel's filing suggests that not all of the discovery lapses noted in the parties' mid-discovery status report are attributable to Plaintiff's medical condition. For instance, Plaintiff's responses to certain written discovery were due to be provided to Defendant on March 24, 2023. More than ten days passed and Plaintiff had neither responded nor provided Defendant any update about the status of his outstanding responses. Plaintiff thereafter offered an estimated time by which he intended to respond, but that date, too, lapsed, requiring Defendant several days later to follow-up. All of this transpired before Plaintiff was admitted to the hospital (on April 10, 2023, *see* Doc. 24) and counsel for Plaintiff offers in his response to the show cause order no other reason or explanation for his tardiness. Counsel for Plaintiff also represents that he will begin propounding written discovery on May 23, 2023, and serve on Defendant responses to its written discovery by May 26, 2023.

While counsel for Plaintiff has demonstrated good cause in explaining the reason for his failure to appear at the mid-discovery status conference, his incomplete answers to the Court's questions concerning discovery lapses undermines the Court's confidence that he will exercise reasonable diligence throughout the remainder of the discovery phase.

Accordingly, IT IS HEREBY ORDERED that the Court's May 17, 2023 order to show cause (Doc. 23) is DISCHARGED; and

IT IS FURTHER ORDERED that on or before May 26, 2023, Plaintiff shall file a report indicating whether he has (1) completed service on Defendant of Plaintiff's written discovery, and (2) completed service on Defendant of Plaintiff's responses to Defendant's written discovery.

The parties are reminded that non-expert discovery is to be completed by July 14, 2023, and are encouraged to timely meet and confer regarding the scheduling and undertaking of any depositions.

IT IS SO ORDERED.

Dated:   **May 23, 2023**

UNITED STATES MAGISTRATE JUDGE