UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. GARZA, | Case No. 1:22-cv-01051-JLT-CDB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY |
| v. | (Doc. 25) |
| BG RETAIL, LLC. | |
| Defendant. | |

Plaintiff John P. Garza initiated this action in state court on October 18, 2021. Defendant removed the case to this Court on August 19, 2022. (See Doc. 1, Notice of Removal).  On August 22, 2022, the Clerk of Court directed counsel for Plaintiff to register for admission in this Court. (Doc. 6).  Having not complied with that direction, on November 8, 2022, the Court ordered Plaintiff's counsel to show cause in writing why he should not be sanctioned for failing to timely register for admission.  (Doc. 15).  In response to that order, on November 15, 2022, Plaintiff's counsel filed a declaration in which he represented he had been unaware of the requirement to apply for admissions to the Court, and he thereafter successfully applied for admissions. (Doc. 16).

On May 10, 2023, the parties timely filed a joint mid-discovery status report.  (Doc. 21). However, Plaintiff's counsel thereafter failed to appear for the mid-discovery status conference on May 17, 2023, failed to respond to the Court's email inquiries seeking information as to his whereabouts, and failed to communicate to the Court at any point throughout the day the reasons

1

for his absence.  (Docs. 22, 23).  The court ordered Plaintiff to show cause why sanctions should not be imposed for counsel's failure to appear for the mid-discovery status conference.  (Doc. 23). In that show cause order, the Court expressed concern for Plaintiff's apparent lack of diligence in connection with undertaking discovery as characterized in the parties' joint mid-discovery status report.  Accordingly, Plaintiff was ordered to include in his response to the show cause order answers to numerous questions regarding the status of discovery.  *Id*. at 2-3.

Plaintiff's counsel timely filed a declaration in response to the Court's show cause order on May 22, 2023.  (Doc. 24).  The Court found that Plaintiff's counsel demonstrated good cause in explaining his failure to appear at the mid-discovery status conference.  (Doc. 25).  However, the Court also found that counsel for Plaintiff failed to respond to some of the specific discovery-related questions he had been directed to answer.  *Id*. at 2.  Accordingly, the Court ordered Plaintiff's counsel, not later than May 26, 2023, to file a report indicating (1) whether he completed service on Defendant on Plaintiff's written discovery and (2) whether he completed service on Defendant of Plaintiff's responses to Defendant's written discovery.  *Id*.

On May 26, 2023, counsel for Plaintiff filed a declaration bearing a case header for the "Superior Court of the State of California" and captioned with an apparent Superior Court case number. (Doc. 26).  The filing bears counsel for Plaintiff's electronic signature and is dated August 30, 2022. *Id*. at 3.  In the declaration, counsel for Plaintiff represents that the Court had set the matter for "an OSC Re: Failure to attend Further Status Conference Hearing" and that counsel had been unable to appear remotely for such hearing.  *Id*.  This Court has neither scheduled nor convened any hearings on the three orders to show cause directing Plaintiff to take action in this case and, thus, concludes that the filing described above pertains to a different action.  As of today's date, Plaintiff has failed to timely respond to the Court's May 23, 2023, show cause order and failed to answer the discovery-related questions the Court now has asked counsel for Plaintiff twice to answer.  (*See* Docs. 23, 25).

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the "just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court

orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  *Id.*

Here, Plaintiff repeatedly has failed to comply with the Court's orders.  (*See* Docs. 15, 23, 25).  Under these circumstances, the Court finds that imposition of monetary sanctions is appropriate.  Therefore, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files a response to and answers the lingering discovery-related questions set forth in the Court's May 23, 2023, order. (Doc. 25).  Plaintiff's filing of a written response to the Court's May 23 order on the date of this

order will not relieve Plaintiff of the sanction imposed commencing on this date.  Further, the daily

deadline shall expire at the close of business each day at 5:00 pm.

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the

Court $100.00 per day, beginning on the date of this order, until Plaintiff files a written response

to and answers the questions contained in the Court's May 23, 2023, order (Doc. 25).

IT IS SO ORDERED.

Dated:   __**May 30, 2023**__

_____

UNITED STATES MAGISTRATE JUDGE

4