UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. GARZA,<br><br>              Plaintiff,<br><br>    v.<br><br>BG RETAIL, LLC.<br><br>              Defendant. | Case No. 1:22-cv-01051-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR<br><br>(Docs. 27, 29)<br><br>**JULY 19, 2023 DEADLINE** |

**Background**

Plaintiff John P. Garza initiated this action in state court on October 18, 2021. Defendant removed the case to this Court on August 19, 2022. (*See* Doc. 1, Notice of Removal). On August 22, 2022, the Clerk of the Court directed counsel for Plaintiff (Mr. Kevin M. Badkoubehi) to register for admission in this Court. (Doc. 6). Having not complied with that direction, on November 8, 2022, the Court ordered Plaintiff's counsel to show cause in writing why he should not be sanctioned for failing to timely register for admission. (Doc. 15). In response to that order, approximately one week later, on November 15, 2022, Plaintiff's counsel filed a declaration in which he represented he had been unaware of the requirement to apply for admissions to the Court, and he thereafter successfully applied for admissions. (Doc. 16).

On May 10, 2023, the parties timely filed a joint mid-discovery status report. (Doc. 21).

1  However, Plaintiff's counsel thereafter failed to appear for the mid-discovery status conference on
2  May 17, 2023, failed to respond to the Court's email inquiries seeking information as to his
3  whereabouts, and failed to communicate to the Court at any point throughout the day the reasons
4  for his absence. (Docs. 22, 23). The court ordered Plaintiff to show cause why sanctions should
5  not be imposed for counsel's failure to appear for the mid-discovery status conference. (Doc. 23).
6  In that show cause order, the Court expressed concern for Plaintiff's apparent lack of diligence in
7  connection with undertaking discovery as characterized in the parties' joint mid-discovery status
8  report. Accordingly, Plaintiff was ordered to include in his response to the show cause order
9  answers to numerous questions regarding the status of discovery. *Id*. at 2-3.

10  Plaintiff's counsel timely filed a declaration in response to the Court's show cause order on
11  May 22, 2023. (Doc. 24). The Court found that Plaintiff's counsel demonstrated good cause in
12  explaining his failure to appear at the mid-discovery status conference. (Doc. 25). However, the
13  Court also found that counsel for Plaintiff failed to respond to some of the specific discovery-related
14  questions he had been directed to answer. *Id.* at 2. Accordingly, the Court ordered Plaintiff's
15  counsel, not later than May 26, 2023, to file a report responding to the Court's questions first put
16  to him in the May 17 show cause order, to wit: (1) whether he completed service on Defendant on
17  Plaintiff's written discovery and (2) whether he completed service on Defendant of Plaintiff's
18  responses to Defendant's written discovery. *Id.*

19  On May 26, 2023, counsel for Plaintiff filed a declaration bearing a case header for the
20  "Superior Court of the State of California" and captioned with an apparent Superior Court case
21  number. (Doc. 26). The filing included counsel for Plaintiff's electronic signature and was dated
22  August 30, 2022. *Id.* at 3. In the declaration, counsel for Plaintiff represented that the Court had
23  set the matter for "an OSC Re: Failure to attend Further Status Conference Hearing" and that
24  counsel had been unable to appear remotely for such hearing. *Id.* To the contrary, this Court neither
25  scheduled nor convened any hearings in connection with the three orders to show cause directing
26  Plaintiff to take action in this case. Accordingly, the Court concluded that the filing described
27  above pertained to a different action and was errantly filed. Moreover, Plaintiff's May 26
28  declaration still failed to address the Court's May 23 show cause order and failed to answer the

discovery-related questions the Court had then asked counsel for Plaintiff twice to answer. (*See* Docs. 23, 25).

Accordingly, on May 30, 2023, because Plaintiff repeatedly had failed to comply with the Court's orders (*see* Docs. 15, 23, 25) and still had failed to answer the Court's questions concerning Plaintiff's performance of discovery duties, the Court entered an order imposing a $100.00 daily sanction, to continue to be imposed each day thereafter until Plaintiff filed a response to and answered the lingering discovery-related questions set forth in the Court's May 17 and May 23, 2023, orders. (Doc. 25). Three days later, on June 2, 2023, Plaintiff's counsel filed a declaration in which he satisfactorily answered the discovery-related questions. (Doc. 28). On June 5, 2023, the Court discharged the order to show cause and further sanctions and required counsel for Plaintiff to pay sanctions in the total amount of $300 for his repeated failures to comply. (Doc. 29) This amount was calculated from the date of issuance of the May 30 show case to Plaintiff's June 2 response, for a total of three days ($100/day x 3 days = $300). The order further provided:

> Plaintiff shall pay the Clerk of the Court three hundred dollars ($300.00) no later than June 16, 2023. Mr. Badkoubehi shall file proof of payment with the Court once payment is made. IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from June 16, 2023, until full payment is received.

Doc. 29 at 2.

**Legal Standard**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the "just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority

and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, Plaintiff repeatedly has failed to comply with the Court's orders. (*See* Docs. 15, 23, 25, 27, 29). Among other things, because Plaintiff failed to timely pay the previously-imposed $300 sanction, daily sanctions recommenced on June 16, 2023, and will reach an additional amount of $1,400 on the date of this order (July 14, 2023), for a total sanction presently in arrears in the total amount of $1,700. Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).

It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court shall afford Plaintiff and his counsel an opportunity to explain why the total sanction amount already compiled as of this date should not be imposed in total, jointly and severally against Plaintiff

4

and his counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the $300 sanction previously imposed.

To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on June 16, 2023, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the June 5, 2023 order and this order.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that on or before July 19, 2023, Plaintiff John P. Garza and counsel Kevin M. Badkoubehi, shall show cause in writing why the cumulative, previously imposed sanction and daily sanction amount set to reach $1,700 as of the date of this order (July 14, 2023), shall not be jointly and severally imposed, why such sanction shall not be reported to the State Bar of California, and why daily sanctions shall not continue to be imposed.

IT IS SO ORDERED.

Dated:   **July 14, 2023**

UNITED STATES MAGISTRATE JUDGE