UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. GARZA,<br><br>        Plaintiff,<br><br>    v.<br><br>BG RETAIL, LLC.<br><br>        Defendant. | Case No. 1:22-cv-01051-JLT-CDB<br><br>ORDER IMPOSING TOTAL SANCTION AMOUNT OF $1,400 ON PLAINTIFF'S COUNSEL, DIRECTING CLERK OF COURT TO REPORT PLAINTIFF'S COUNSEL TO STATE BAR OF CALIFORNIA, REQUIRING COUNSEL TO REPORT TO STATE BAR, AND DISCHARGING ANY FURTHER DAILY SANCTIONS<br><br>(Docs. 27, 29, 30, 31)<br><br>**THIRTY AND FORTY DAY DEADLINE** |

**Background**

Plaintiff John P. Garza initiated this action in state court on October 18, 2021. Defendant removed the case to this Court on August 19, 2022. (*See* Doc. 1, Notice of Removal). On August 22, 2022, the Clerk of the Court directed counsel for Plaintiff (Mr. Kevin M. Badkoubehi) to register for admission in this Court. (Doc. 6). Having not complied with that direction, on November 8, 2022, the Court ordered Plaintiff's counsel to show cause in writing why he should not be sanctioned for failing to timely register for admission. (Doc. 15). In response to that order, approximately one week later, on November 15, 2022, Plaintiff's counsel filed a declaration in which he represented he had been unaware of the requirement to apply for admissions to the Court, and he thereafter successfully applied for admissions. (Doc. 16).

On May 10, 2023, the parties timely filed a joint mid-discovery status report. (Doc. 21). However, Plaintiff's counsel thereafter failed to appear for the mid-discovery status conference on May 17, 2023, failed to respond to the Court's email inquiries seeking information as to his whereabouts, and failed to communicate to the Court at any point throughout the day the reasons for his absence. (Docs. 22, 23). The court ordered Plaintiff to show cause why sanctions should not be imposed for counsel's failure to appear for the mid-discovery status conference. (Doc. 23). In that show cause order, the Court expressed concern for Plaintiff's apparent lack of diligence in connection with undertaking discovery as characterized in the parties' joint mid-discovery status report. Accordingly, Plaintiff was ordered to include in his response to the show cause order answers to numerous questions regarding the status of discovery. *Id*. at 2-3.

Plaintiff's counsel timely filed a declaration in response to the Court's show cause order on May 22, 2023. (Doc. 24). The Court found that Plaintiff's counsel demonstrated good cause in explaining his failure to appear at the mid-discovery status conference. (Doc. 25). However, the Court also found that counsel for Plaintiff failed to respond to some of the specific discovery-related questions he had been directed to answer. *Id.* at 2. Accordingly, the Court ordered Plaintiff's counsel, not later than May 26, 2023, to file a report responding to the Court's questions first put to him in the May 17 show cause order, to wit: (1) whether he completed service on Defendant on Plaintiff's written discovery and (2) whether he completed service on Defendant of Plaintiff's responses to Defendant's written discovery. *Id.*

On May 26, 2023, counsel for Plaintiff filed a declaration bearing a case header for the "Superior Court of the State of California" and captioned with an apparent Superior Court case number. (Doc. 26). The filing included counsel for Plaintiff's electronic signature and was dated August 30, 2022. *Id.* at 3. In the declaration, counsel for Plaintiff represented that the Court had set the matter for "an OSC Re: Failure to attend Further Status Conference Hearing" and that counsel had been unable to appear remotely for such hearing. *Id.* To the contrary, this Court neither scheduled nor convened any hearings in connection with the three orders to show cause directing Plaintiff to take action in this case. Accordingly, the Court concluded that the filing described above pertained to a different action and was errantly filed. Moreover, Plaintiff's May 26

declaration still failed to address the Court's May 23 show cause order and failed to answer the discovery-related questions the Court had then asked counsel for Plaintiff twice to answer. (*See* Docs. 23, 25).

Accordingly, on May 30, 2023, because Plaintiff repeatedly had failed to comply with the Court's orders (*see* Docs. 15, 23, 25) and still had failed to answer the Court's questions concerning Plaintiff's performance of discovery duties, the Court entered an order imposing a $100.00 daily sanction, to continue to be imposed each day thereafter until Plaintiff filed a response to and answered the lingering discovery-related questions set forth in the Court's May 17 and May 23, 2023, orders. (Doc. 25). Three days later, on June 2, 2023, Plaintiff's counsel filed a declaration in which he satisfactorily answered the discovery-related questions. (Doc. 28). On June 5, 2023, the Court discharged the order to show cause and further sanctions and required counsel for Plaintiff to pay sanctions in the total amount of $300 for his repeated failures to comply. (Doc. 29) This amount was calculated from the date of issuance of the May 30 show case to Plaintiff's June 2 response, for a total of three days ($100/day x 3 days = $300). The order further provided:

> Plaintiff shall pay the Clerk of the Court three hundred dollars ($300.00) no later than June 16, 2023. Mr. Badkoubehi shall file proof of payment with the Court once payment is made. IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from June 16, 2023, until full payment is received.

Doc. 29 at 2.

Plaintiff did not timely pay the $300 sanction within the ten days provided following the Court's June 5, 2023 order, and, thus, daily sanctions recommenced in the amount of $50 per day on June 16, 2023. On July 14, 2023, given no response had been filed and daily sanctions were continuing to accrue, the Court issued an order requiring Plaintiff and Plaintiff's counsel Mr. Badkoubehi to show cause on or before July 19, 2023, as to why the cumulative daily sanction amount set to reach $1,400 on July 14, 2023, should not be jointly and severally imposed on Plaintiff and Counsel, why such sanctions should not be reported to the State Bar of California, and why daily sanctions should not continue to be imposed. (Doc. 30). On July 18, 2023, Plaintiff's counsel filed a response to the order to show cause. (Doc. 31).

**Legal Standard**

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the "just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions over $1,000.00 to the State Bar, and § 6086.7(a)(3) directs courts to notify the

State Bar of sanctions over $1,000.00. Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); *Acevedo v. Russell Cellular, Inc.*, No. 1:20-cv-01440-JLT-SAB, 2022 WL 2092563, *5 (E.D. Cal. June 9, 2022).[1]

**Discussion**

As the Court noted in its show cause order of July 14, 2023 (Doc. 30), Plaintiff repeatedly has failed to comply with the Court's orders. (*See* Docs. 15, 23, 25, 27, 29). The Court notified Plaintiff that because he failed to timely pay the previously-imposed $300 sanction, daily sanctions recommenced on June 16, 2023, and would reach an additional amount of $1,400 on the date of the order, for a total sanction then in arrears in the total amount of $1,700. The Court explained that:

> It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court shall afford Plaintiff and his counsel an opportunity to explain why the total sanction amount already compiled as of this date should not be imposed in total, jointly and severally against Plaintiff and his counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the $300 sanction previously imposed.
>
> To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on June 16, 2023, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the June 5, 2023 order and this order.

*Id.* The Court further ordered Plaintiff's response to show why the sanctions should not be jointly and severally imposed on Plaintiff and Counsel. *Id.* at 5.

On July 18, 2023, Mr. Badkoubehi filed a declaration in response to the Court's July 14, 2023 order to show cause. (Doc. 31). Counsel attested that he had an "understanding that the purpose of the sanctions was service of written discovery responses on Defendant" and that such responses "were promptly served on the Defendant." (*Id.* at ¶ 3). Counsel further attested he "did not realize that the sum of $300 sanctions were due by my office." (*Id.* at ¶ 6). Counsel elaborated that "[i]t was a mistake" and "misunderstanding" on his part that he did not immediately pay the

---

[1] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own local rules and the State Bar of California and its Rules of Professional Conduct. *See* L.R. 180(e).

5

$300 sanction and realize that daily sanctions would recommence absent timely payment. (*Id.* at ¶ 8). Counsel attested that when he received notice of the Court's show cause order the day after it was filed (July 15, 2023), he "promptly" contacted the Court (presumably the following business day, July 17, 2023) and arranged for overnight delivery of the $300 payment. Counsel represents that he was "unable to timely and effectively comply with rule of discovery" due to his client's failing health and repeated visits to the hospital. (*Id.* at ¶ 10). Counsel concludes with a request that the Court accept the $300 payment as full satisfaction of the total amount of sanctions accrued – as of the date of this Order, an accumulated sanction above the previously-imposed $300 sanction in the amount of $1,750.

While the Court is routinely sympathetic and accommodating to circumstances related to parties or their counsel falling ill and the reasonable impact such would have on the litigation, the Court does not find Counsel's filing sufficient to address the July 14, 2023 order to show cause, particularly given the extended history of non-compliance in this action by Counsel, that the Court has summarized above. Specifically, the Court stated it would accept a partial reduction of the already accrued sanctions based on a "clear and convincing demonstration of good cause" for Plaintiff's failure to timely pay the $300 sanction. (Doc. 30 at 5). The Court does not find Counsel's proffer – that he had a "misunderstanding" and made a "mistake" in complying with the clear terms of the various orders summarized above through which the Court sought to supervise the conduct of discovery – to be a clear and convincing demonstration of good cause in light of the history in this action.

Notwithstanding the Court's clear admonition that sanctions would continue to accrue during the pendency of the response period, the fact that Counsel expeditiously paid the original $300 sanction shortly after the Court issued the show cause order on July 14, 2023, persuades the Court to grant partial reduction in the additional daily sanctions that recommenced between June 16, 2023, and Plaintiff's response filed on July 18, 2023. Specifically, the Court will forgo imposing the daily $50 sanctions that have accrued between the date of the Court's show cause order (July 14, 2023) and the date of this Order.

Further, the Court's order specified that sanctions would continue until the order was

complied with. Despite the lack of full compliance, given Counsel's current proffer, the Court finds it appropriate to cap the sanctions amount after imposition of a final daily sanction of $50 on the day of the Court's show cause order on July 14, 2023, for a total sanction amount of $1,400 ($50 per day from June 16, 2023, to July 14, 2023, inclusive). The sanctions amount shall be imposed on Plaintiff's Counsel Mr. Badkoubehi, only, given there is no indication of any fault of the Plaintiff for the failure of counsel to abide by the Court's orders.

Further, the Court finds it appropriate, based on ethical concerns and comity with the California state courts and the State Bar of California, to report Mr. Badkoubehi to the State Bar of California, and shall order Mr. Badkoubehi to comply with his own independent obligation to report the sanctions to the State Bar. *See Lozano v. Cabrera*, 2023 WL 2387583, *2 (9th Cir. Mar. 7, 2023) (directing Clerk of Court to transmit copy of order affirming imposition of sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3), (b)); *Seymour v. Wilshire Credit Corp. Home Loans Dist.*, No. 2:19-cv-00564-MCE, 2023 WL 2167112, *1 (E.D. Cal. Feb. 22, 2023) (ordering attorney to report imposition of $1,100 sanction to the California State Bar); *Out of the Box Enters., LLC v. El Paseo Jewelry Exchange, Inc.*, 2011 WL 13135642, *5 (C.D. Cal. Dec. 14, 2011) (directing Clerk of Court to transmit copy of order imposing sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3)).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Counsel Kevin M. Badkoubehi shall pay the Clerk of the Court $1,400.00 in sanctions, within thirty (30) days of entry of this order, with the sum to be paid personally, and not to be transmitted to his client by way of a charge of attorneys' fees and/or costs;

2. Pursuant to California Business and Professions Code § 6068(o)(3), Counsel shall report these sanctions to the State Bar of California within thirty (30) days of the entry of this order;

3. Not later than forty (40) days from the entry of this order, Plaintiff's Counsel shall file a declaration attesting that he has reported these sanctions to the State Bar of

7

California;

4. Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on Counsel Kevin M. Badkoubehi to the State Bar of California; and

5. Outstanding orders to show cause are DISCHARGED and Plaintiff and Counsel are relieved from any further obligation to file any written responses to the orders to show cause or provide the information regarding the joint status reports.

IT IS SO ORDERED.

Dated: **July 21, 2023**                                   _____
                                                                              UNITED STATES MAGISTRATE JUDGE